UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR ATTISHA,

                              Petitioner,

v.

UNITED STATES OF AMERICA,

                              Respondent.

Case No. 4:22-11755
Honorable Shalina D. Kumar
Magistrate Judge Curtis Ivy, Jr.

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS

     Victor Attisha, ("Petitioner"), currently serving a sentence of home confinement through the Bureau of Prisons (BOP), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is challenging the Bureau of Prisons' refusal to grant him 1154 days of sentencing credits against his federal sentence for Conspiracy to Manufacture, Possess with Intent to Distribute, and Distribute Marijuana. Petitioner argues that he is entitled to these sentencing credits pursuant to the First Step Act of 2018. For the reasons set forth below, the petition for writ of habeas corpus is SUMMARILY DENIED.

1

## I.  BACKGROUND

On July 11, 2022, petitioner filed a petition for writ of habeas corpus, in which he challenged the BOP's refusal to grant him 1154 days credit against his federal sentence, which he claims he is entitled to pursuant to the First Step Act. The petition was originally assigned to Judge Matthew F. Leitman before being reassigned to Judge George Caram Steeh. The petition was dismissed without prejudice because petitioner failed to exhaust his administrative remedies before filing the petition. *Attisha v. United States*, No. 2:22-CV-11653, 2022 WL 17815147 (E.D. Mich. Dec. 13, 2022).

On July 27, 2022, petitioner filed a petition for writ of habeas corpus under this docket number, which raises the identical claims and makes the identical arguments presented in the petition dismissed by Judge Steeh.

## II.  DISCUSSION

The Court dismisses the petition because it is duplicative of petitioner's prior habeas action before Judge Steeh.

A suit is duplicative, and thus subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions. *See Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999) (internal citations omitted).  Petitioner's current habeas petition is subject to dismissal as being duplicative of his prior habeas petition because both cases seek

the same relief. *Id.; See also Davis v. U.S. Parole Com'n*, 870 F. 2d 657 (6th Cir. Mar. 7, 1989) (district court can properly dismiss a habeas petition as being duplicative of a pending habeas petition, where the district court finds that the instant petition is essentially the same as the earlier petition); *Galka v. United States*, No. 1:22-10121, 2022 WL 669334 (E.D. Mich. Feb. 28, 2022) (same).

The instant petition challenges the same decision by the Bureau of Prisons to deny petitioner sentencing credits and makes the same legal arguments as the petition in the prior case dismissed by Judge Steeh. A district court is permitted to take judicial notice of its own files and records in a habeas proceeding. *See Van Woudenberg ex. rel. Foor v. Gibson,* 211 F. 3d 560, 568 (10th Cir. 2000). This Court is therefore permitted to take judicial notice of its own court documents and records in determining that the current habeas petition is duplicative of the previously filed application for habeas relief. *Harrington v. Stegall,* 2002 WL 373113, * 2 (E.D. Mich. Feb. 28, 2002). Accordingly, this petition for writ of habeas corpus will be dismissed.

### III. CONCLUSION

The Court will summarily dismiss the petition for writ of habeas corpus. Petitioner does not need a certificate of appealability to appeal the denial of a habeas petition filed under § 2241 and thus need not apply for one with

this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition. *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004).

## IV. ORDER

Based upon the foregoing, **IT IS ORDERED** that the petition for a writ of habeas corpus is **SUMMARILY DISMISSED AS DUPLICATIVE** of the case of *Attisha v. United States*, No. 2:22-CV-11653, 2022 WL 17815147 (E.D. Mich. Dec. 13, 2022). (E.D. Mich.).

Dated: January 31, 2024

s/Shalina D. Kumar
Hon. Shalina D. Kumar
United States District Judge